**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**



Case No. SACV 11-0422 DOC (RNBx)  Date: November 1, 2011

Title: RICHARD BAUARSCHI v. AMERICAN HONDA FINANCE INC. NO. 1

DOCKET ENTRY
 [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
 Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                NONE PRESENT

PROCEEDING (IN CHAMBERS):    GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Defendant/Counterclaimant American Honda Finance Corporation's Motion for Judgment on the Pleadings ("Motion for Judgment on the Pleadings") (Docket 27). The court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving and opposing papers, the Court hereby GRANTS the Motion for Judgment on the Pleadings.

**I. BACKGROUND**

On April 6, 2010, Plaintiff Richard Bauarschi ("Plaintiff") allegedly entered into a Retail Installment Contract with Buena Park Honda for a 2010 Honda Vehicle. Def. Answer, ¶ 2. Defendant American Honda Finance Corporation ("Defendant) allegedly financed Plaintiff's purchase of the vehicle and asserts that it possess all rights set forth in the Contract. *Id.* Defendant alleges that Plaintiff tendered a "bogus payoff check"before filing a Chapter 7 Bankruptcy Petition, through which he obtained a discharge of his contract obligation. *Id.* Defendant avers that the bankruptcy order did not disturb

Defendant's perfected lien on the vehicle and that Plaintiff unlawfully refuses to make payments or return his vehicle to Defendant. *Id.*

Plaintiff, on the other hand, denies the existence of any contractual relationship with Defendant. Complaint, ¶12. Further, Plaintiff avers that the alleged debt is irrelevant to his present claims, which allege violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and "other laws and the Civil Rights of the Plaintiff(s) guaranteed by the Constitution of the United States." *Id.* at ¶ 2. Plaintiff asserts that Defendant engaged in a variety of allegedly unlawful actions, including alleged representatives "banging on [Plaintiff's] door at night, Defendant's failure to respond to any of Plaintiff's dispute/validation requests, and repeated calls to Plaintiff despite his request to limit communications. *Id.* at ¶ 4.

In April 2010, Defendant submitted to three consumer credit reporting agencies that Plaintiff owed $20,436.00 on an installment account that was "current." *Id.,* Exh. 1.On June 21, 2010, Defendant notified Plaintiff that he was in default. *Id.,* Exh. 2. On June 29, 2010, Plaintiff notified Defendant that his account was paid in full and that "[a]ny other debt is hereby disavowed" and ordered Defendant to cease communication with Plaintiff, pursuant to FDCPA. *Id.,* Exh. 3. On August 4, 2010, Clark & Associates notified Plaintiff that it had been retained by Defendant to collect the debt and that it would assume the debt to be valid unless Plaintiff disputed its validity within thirty days. *Id.,* Exh. 6. Also on August 4, 2010, Plaintiff notified Defendant that its agents violated the FDCPA by coming to his house at 11:30pm and "behaving in a threatening manner." *Id.,* Exh. 7. In this letter, Plaintiff reminded Defendant of his June 29, 2010 letter, in which he stated that he mailed a check that would pay the amount in full. *Id.* On August 9, 2010, Plaintiff notified Clark & Associates that he "wish[ed] to dispute the alleged debt referenced in your letter dated August 4, 2010 regarding the above-referenced account." *Id.,* Exh. 8. Plaintiff sent another letter to Clark & Associates on August 23, 2010, notifying them that Defendant continued to violate Plaintiff's rights under the FDCPA. *Id.,* Exh. 8. Finally, on December 10, 2010, Plaintiff sent a letter to Defendant in which he formally requested validation of the debt. *Id.,* Exh. 11.

## II. LEGAL STANDARD

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  For purposes of such a motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)); *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967).  Judgment on the pleadings is proper when the moving party "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2011); *see, e.g., Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999).  Thus, the defendant is not entitled to judgment

on the pleadings if the complaint raises issues of fact, which, if proved, would support recovery. Likewise, the plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense, which, if proved, would defeat plaintiff's recovery. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

"[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach*, 896 F.2d at 1550; *see also* Fed. R. Civ. P. 12(d). However, the court may consider facts that "are contained in materials of which the court may take judicial notice." *Heliotrope*, 189 F.3d at 981 n.18 (citing *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201

## III. DISCUSSION

Defendant brings the present motion seeking judgment on the pleadings alleging that (1) Plaintiff waived his right to demand validation[1]; (2) Defendant is not a "debt collector"; and (3) Defendant is not a "consumer reporting agency." Motion for Judgment on the Pleadings, 5.

### A. Debt Collector

The FDCPA was passed to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(A)(6). This definition, however, excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692(A)(6)(F)(iii). To be liable under the FDCPA, a defendant must fall within the statutory definition of "debt collector." *Romine v. Diversified Collection Servs.,* 155 F.3d 1142, 1146 (9th Cir. 1998); *Dinsmore v. Reliable Credit Ass'n, Inc.,* No. 11-6182 AA, 2011 WL 4755198, at *2 (D. Or. Sept. 30, 2011).

Here, Defendant assumed Plaintiff's debt before it was in default. Complaint, Exh. 1. Plaintiff does not set forth any facts suggesting that Defendant should be considered a debt collector. In fact, Plaintiff's only argument inexplicably relies on California law. Reply, 2. As Plaintiff does not assert any cause of

---

[1]This argument is moot because the Court finds that Defendant is not a "debt collector," nor is it a "credit reporting agency."

action under the California Civil Code in his Complaint, this reference has no relevance to the present case, which asserts a federal claim under the FDCPA. Defendant is not a debt collector under the FDCPA. *See also Dinsmore,* 2011 WL 4755198, at *2-4 (finding that defendant was not a debt collector under similar circumstances). Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED to the extent of Plaintiff's FDCPA claims.

## B. Consumer Reporting Agency

Defendant also seeks to dismiss Plaintiff's FCRA claim(s) based on the fact that it is not a "consumer reporting agency" and thus is not liable under the FCRA. A "consumer reporting agency" is defined as "any person which, for monetary fees, due, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

Defendant avers that it is not a consumer reporting agency but provides no facts, argument or case law to back up that assertion. Plaintiff, however, does not even attempt to rebut Defendant's claim. Further, Plaintiff does not, in his Complaint, explicitly allege any violations of the FCRA, as he does with the FDCPA. The Court does not wish to assume which facts in Plaintiff's Complaint may or may not give rise to a cause of action under the FCRA. It is Plaintiff's responsibility to plead his claims with specificity, and it is insufficient to merely state that an FCRA claim exists without alleging the specific statutory provision violated and facts making the allegation plausible. Because Plaintiff has not denied any allegations of the moving party nor does Plaintiff set forth any sufficiently specific FCRA allegations to be assumed true, Defendant's Motion for Judgment on the Pleadings is GRANTED as to Plaintiff's FCRA claim(s).

## IV. DISPOSITION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

Any amended complaint must be filed by December 12, 2011. The current Scheduling Order is hereby VACATED, as is the Final Pretrial Conference set for November 7, 2011. The new schedule is as follows:

>Amended Complaint: December 12, 2011

>Motion Cutoff Date: April 16, 2012

>Final Pretrial Conference: May 21, 2012 at 8:30 a.m.

Trial Date: June 12, 2012 at 8:30 a.m.

The Clerk shall serve this minute order on all parties to the action.